UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AUTUMN J. COX, <br><br> Plaintiff, <br><br> v. <br><br> RECEIVABLES PERFORMANCE MANAGEMENT, LLC, and ROCK CREEK CAPITAL, LLC, <br><br> Defendants. | CIVIL COMPLAINT <br><br> CASE NO. 1:22-cv-00689 <br><br> DEMAND FOR JURY TRIAL |

## COMPLAINT

NOW comes AUTUMN J. COX ("Plaintiff"), by and through the undersigned, complaining as to the conduct of RECEIVABLES PERFORMANCE MANAGEMENT, LLC ("RPM") and ROCK CREEK CAPITAL, LLC ("Rock Creek") (collectively "Defendants"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.* for Defendants' unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

1

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Northern District of Illinois and a substantial portion the events or omissions giving rise to the claims occurred within the Northern District of Illinois.

4. Joinder of Plaintiff's claims against Defendants is proper under Fed. R. Civ. P. 20(a)(2) as the claims arise out of the same transaction, occurrence, or series of transactions or occurrences and common questions of law or fact will arise.

## PARTIES

5. Plaintiff is a consumer over 18 years-of-age residing in Zion, Illinois, which lies within the Northern District of Illinois.

6. RPM is a third party debt collector claiming to be "a national leader in accounts receivable management."[1] RPM is a limited liability company organized under the laws of the state of Washington with its principal place of business located at 20818 44th Avenue, Suite 240, Lynnwood, Washington.

7. Rock Creek is a debt purchaser whose principal purpose as a business is to purchase purportedly defaulted consumer obligations in order to collect or attempt to collect such debts both directly and indirectly. Rock Creek is a limited liability company organized under the laws of the state of Wyoming with its principal place of business located at 4500 Mercantile Plaza, Suite 300, Fort Worth, Texas.

8. Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

---

[1] http://www.receivablesperformance.com/

9. The instant action stems from Defendants' attempts to collect upon a purported obligation ("subject debt") said to be owed by Plaintiff in connection with her financing of a personal automobile.

10. After Plaintiff's purported default on the subject debt, the subject debt was charged off and, upon information and belief, was eventually purchased by Rock Creek for pennies on the dollar.

11. Thereafter, Rock Creek placed the subject debt with RPM for collection purposes.

12. On or about October 27, 2021, RPM sent or caused to be sent to Plaintiff a "dunning" letter seeking collecting of the subject debt.

13. This "dunning" letter was the first written communication sent to Plaintiff in connection with the subject debt, and provided the language required to be provided under § 1692g of the FDCPA, including the portion required under § 1692g(a)(3), which informs consumers that, absent a dispute within 30 days of receiving the letter, the debt collector would assume the debt to be valid.

14. Thereafter, on or about December 8, 2021, RPM sent Plaintiff an additional "dunning" letter, which once again provided the disclosures under § 1692g, including a representation that unless Plaintiff disputed the debt within 30 days of receiving the letter, RPM would assume the debt to be valid.

15. As such, through its combination of letters, RPM misleadingly and deceptively represented the nature of Plaintiff's dispute and validation rights under the FDCPA while similarly engaging in literal falsehoods through the nature of its provision of multiple letters setting different time periods for Plaintiff's statutorily-provided 30-day period to dispute the debt.

16. After receiving the December 8th letter, Plaintiff retained the undersigned law firm regarding her options in response to Defendants' collection efforts.

17. Plaintiff's counsel notified RPM on December 21, 2021 that Plaintiff had retained counsel in connection with the subject debt.

18. Nevertheless, RPM proceeded to send Plaintiff an additional collection letter seeking collection of the subject debt on or about December 31, 2021, nearly a week and a half after it had become aware that Plaintiff had retained counsel with regard to this specific debt.

19. RPM's persistence in communicating with Plaintiff directly invaded her privacy which she sought to protect through the hiring of an attorney, and similarly denied her the benefit of the bargain in connection with retaining an attorney regarding the subject debt, illustrating the concrete harm she has experienced as a result of Defendant's conduct.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

20. Plaintiff repeats and realleges paragraphs 1 through 19 as though fully set forth herein.

21. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

22. RPM is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts originally owed to others, and is similarly a business whose principal purpose is the collection of debts.

23. Rock Creek is a "debt collector" as defined by § 1692a(6), because it is a business whose principal purpose is the collection of debts.

24. Upon information and belief, Rock Creek controlled the nature of RPM's collection activities and controlled the timing and nature of the communications with Plaintiff such that it is not only directly liable for its conduct as a debt collector in relation to the subject debt, but is similarly vicariously liable for the violations of law engaged in by RPM.

25. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be due to another for personal, family, or household purposes.

   a. **Violations of the FDCPA § 1692c(a)(2)**

26. The FDCPA, pursuant to 15 U.S.C. §1692c(a)(2), prohibits a debt collector from communicating with a consumer "if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address . . . ."

27. Defendants violated § 1692c(a)(2) through RPM's conduct in communicating directly with a consumer despite knowing such consumer to have retained counsel regarding the subject debt. RPM was notified that Plaintiff was represented with regards to the subject debt on December 21st, yet RPM nevertheless communicated directly with Plaintiff in an effort to collect the subject debt on December 31st. This conduct is in direct violation of the FDCPA and, as outlined above, caused Plaintiff concrete injury.

   b. **Violations of the FDCPA §1692e**

28. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

29. In addition, this section enumerates specific violations, such as:

> "The false representation of . . . the character, amount, or legal status of any debt . . . ." 15 U.S.C. § 1692e(2)(A);

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

30. Defendants violated §§ 1692e, e(2)(A), and e(10) through the conflicting information contained in the multiple dunning letters RPM sent to Plaintiff. Upon sending the first dunning

letter, Defendant provided the requisite information and timeframe to dispute, lest the subject debt be assumed valid. Plaintiff did not dispute the validity of the debt within this first 30 day window, suggesting that Defendants assumed the debt to be valid. The similar representations made in the second dunning letter, sent months later, directly cut against the prior assertion. By again suggesting that if Plaintiff failed to dispute the validity of the subject debt within 30 days of receiving the letter, Defendant would assume the debt to be valid, it clearly did not assume the subject debt was valid as initially represented.

31. Defendants further violated §§ 1692e and e(10) through the way in which RPM's collection letter misrepresent the nature of Plaintiff's validation rights under § 1692g. The FDCPA establishes a single, 30-day validation period tied to the date of a consumer's receipt of an initial written communication within which a consumer's action could trigger certain obligations of Defendants. However, RPM's collection letters suggest the existence of two such periods, misrepresenting the nature and extent of Plaintiff's rights and Defendants' obligations under the FDCPA.

    c. **Violations of FDCPA § 1692f**

32. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

33. Defendant violated §1692f when it unfairly persisted in communicating with a consumer attempting to collect a debt despite knowing such consumer to have retained counsel with regard to such debt.

WHEREFORE, Plaintiff, AUTUMN J. COX, respectfully requests that this Honorable Court enter judgment in her favor as follows:

    a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 per Defendant as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

e. Enjoining Defendants from further violations of law; and

f. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: February 8, 2022                                             Respectfully submitted,


s/ Nathan C. Volheim                                                s/Eric D. Coleman
Nathan C. Volheim, Esq. #6302103                                    Eric D. Coleman, Esq. #6326734
Counsel for Plaintiff                                               Counsel for Plaintiff
Admitted in the Northern District of Illinois                       Admitted in the Northern District of Illinois
Sulaiman Law Group, Ltd.                                            Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200                                 2500 South Highland Ave., Suite 200
Lombard, Illinois 60148                                             Lombard, Illinois 60148
(630) 568-3056 (phone)                                              (331) 307-7648 (phone)
(630) 575-8188 (fax)                                                (630) 575-8188 (fax)
nvolheim@sulaimanlaw.com                                            ecoleman@sulaimanlaw.com


s/ Alejandro E. Figueroa
Alejandro E. Figueroa, Esq. # 6323891
Counsel for Plaintiff
Admitted in the Northern District of Illinois
Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200
Lombard, Illinois
(630) 575-8181, ext. 120 (phone)
(630) 575-8188 (fax)
alejandrof@sulaimanlaw.com